**Peter P. PERRY and Michael T. Bordick, Plaintiffs**

v.

**John H. WOLAVER and Barbara J. Wolaver, Defendants.**

**Civil No. 05–161–P–C.**

United States District Court, D. Maine.

June 9, 2006.

---

Kevin J. Beal, Regan M. Hornney, Brann & Isaacson, Lewiston, ME, for Plaintiffs.

David C. Johnson, George J. Marcus, Marcus, Clegg & Mistretta, P.A., Portland, ME, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

GENE CARTER, Senior District Judge.

Plaintiffs have moved for reconsideration (Docket Item No. 68) of the Court's Order on Motions for Partial Summary Judgment issued May 16, 2006 (Docket Item No. 65). Plaintiffs contend that the Court erred by failing to consider an argument raised in opposition to Defendants' Motion for Summary Judgment. For the reasons stated below, the Court will deny the instant motion.

### Background

The issue now in dispute concerns a promissory Note in the amount of $315,000 given by Defendants to Plaintiffs. The Note obligated Defendants to make monthly payments in the amount of $6,163.36. *See* Note at 1. In addition to these monthly payments, the Note provides for a final payment, due on March 1, 2009, consisting of "all unpaid principal on this Note, together with any remaining interest and late fees due thereon." *Id.*

Separate from the provisions concerning the terms of payment, the Note contains provisions titled, respectively, "Interest" and "Late Fees." The provision concerning interest provides for a fixed interest rate of 6.5% per annum. It further provides that, in the event of a default, "A default interest rate ("Default Rate") of twelve percent (12%) per annum shall accrue from the date of default...." *Id.* Similarly, the provision concerning late fees provides that, in the event of default, a 5% late fee "shall be assessed and added to the outstanding amounts due under this Note." *Id.* Neither of these provisions, nor any other in the Note, states that accrual of default interest or assessment of late fees would obligate Defendants to increase the monthly payments due under the Note. *See id.*

Plaintiffs' Amended Complaint alleges, *inter alia,* that Defendants are currently in default of the Note because, after the occurrence of a previous default, Defendants' monthly payments failed to include payments containing the accrued default interest and the assessed late fees. Both parties moved for summary judgment on this claim.

On May 16, 2006, the Court granted, *inter alia*, Defendants' motion for summary judgment on this claim. In addressing this argument, the Court stated

> an essential predicate of this argument, that Defendants were required to include such payments with their monthly payments, is entirely lacking from Plaintiffs' briefs. Plaintiffs point to nothing in the Note or the associated agreements which provide that late fees and increased interest are to be paid with the monthly payments. Having provided no argumentation supporting such a construction of the Note, this argument is not sufficient to survive Defendants' Motion for Summary Judgment.

Order at 10. Plaintiffs' instant motion only requests reconsideration of this portion of the Court's Order.

## Discussion

Plaintiffs contend that the Court erred by not considering their argument that Defendants' failure to include late fees and default interest in the monthly payments constituted a separate event of default. In their motion, Plaintiffs refer the Court to many parts of their summary judgment briefs in which they raise this argument. Plaintiffs do so in order to persuade the Court that "[Plaintiffs] did in fact argue that the defendants' failure to include default interest and late fees was a separate, distinct event of default." *See* Motion for Reconsideration at 5.

Plaintiffs misinterpret the Court's Order. The Court did consider Plaintiffs' claim that the failure to include late fees and default interest payments constituted an independent event of default. As the Court noted, however, the essential predicate of this argument is that the Note *obligated* Defendants to include those payments with the monthly payments. Therefore, in order to survive summary judgment on this claim, Plaintiffs were required to point to evidence in the record from which a reasonable factfinder could conclude that such an obligation existed. In support of this assertion Plaintiffs did not rely on any specific provision of the Note, but rather cited generally to the Note. Nothing in the Note, however, provides that such payments are due with the monthly payments. The Note expressly obligates Defendants to only make monthly payments in the amount of $6,163.36. The Note further obligates Defendants to make a final payment on March 1, 2009, which must include "any remaining interest and late fees." From the plain language of the contract it would appear that Defendants are only obligated to include late fees and default interest in their final payment. While Plaintiffs' assertion is to the contrary, they fail to argue how an alternative construction of the Note could be reached. Furthermore, although one could conceivably argue that the Note is ambiguous on this matter, Plaintiffs conceded that the Note is unambiguous. *See* Plaintiffs' Motion for Partial Summary Judgment at 4. Accordingly, Defendants were entitled to judgment as a matter of law on this claim.

## Conclusion

For the reasons set forth above, the Court **ORDERS** that the relief requested in Plaintiffs' Motion for Reconsideration be, and it is hereby, **DENIED.**